## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **FRANCOIS JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MID WEST WAREHOUSE** ) | |
| **DISTRIBUTION SYSTEMS, RYDER** ) | **No. 2:23-cv-02554-SHL-atc** |
| **SYSTEMS, MIKE BRAMBLETT,** ) | |
| **JANICE BRANDNER, CATHY BALL,** ) | |
| **ADAMS JAMES, NINA NGUYEN, BRITT** ) | |
| **JERNIGAN, LADATON HINES, and** ) | |
| **MARQUITA WEAVER,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL AND TO ISSUE PROCESS FOR THE REMAINING DEFENDANTS

On August 31, 2023, Plaintiff Francois Johnson, a resident of Memphis, Tennessee, filed

a *pro se* Complaint, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 3.) On

November 2, 2023, the Court granted Johnson's motion to proceed *in forma pauperis*. (ECF

No. 8.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United

States Magistrate Judge for management and for all pretrial matters for determination and/or

report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons discussed below, the Court recommends that Johnson's claims against the

eight individually named Defendants be dismissed *sua sponte*, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Court

further recommends that process be issued to Defendants Mid West Warehouse Distribution Systems ("Mid West") and Ryder Systems ("Ryder").

## PROPOSED FINDINGS OF FACT

On August 31, 2023, Johnson filed a Complaint alleging claims against his employers Mid West and Ryder for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 ("ADEA").  (ECF No. 1.)  Johnson also named eight of his coworkers and supervisors as Defendants in this case: Mike Bramblett, Janice Brandner, Carly Ball, Adam James, Nina Nguyen, Britt Jernigan, Ladaton Hines, and Marquita Weaver (the "Individual Defendants").  (*Id.*)

Johnson began working for Mid West as a forklift driver on November 4, 2019.  (*Id.* ¶ 2.) In July of 2021, Johnson learned that his pay was allegedly lower than his younger co-workers. (*Id.* ¶ 3.)  Johnson claims that he sent emails to the facility manager, Bramblett, but did not receive a response.  (*Id.* ¶ 4.)  He later escalated his complaint to Human Resources but allegedly did not receive a response.  (*Id.* ¶ 5.)

On March 23, 2022, Johnson interviewed for a lead position opening for his shift.  He was told that he was highly qualified, as he had been filling the position during its vacancy.  (*Id.* ¶ 8.)  On April 14, 2022, Johnson learned that the position had been filled.  (*Id.* ¶ 9.)  When Johnson asked why he was not selected, Bramblett told him that he was not selected due to attendance issues.  (*Id.* ¶ 11.)  Johnson claims that he has never been disciplined for his attendance and that he has not had any issues with his attendance.  (*Id.*)  Johnson believes he did not receive the promotion in retaliation for complaining about his wages and age discrimination,

and he filed an EEOC charge of discrimination against Mid West on June 21, 2022. (*Id.* ¶¶ 12, 16.)

On October 14, 2022, Johnson received a separation notice that indicated he was being terminated due to a reduction in force. (*Id.* ¶¶ 17, 39.) Johnson last worked on October 28, 2022, and was denied a severance package. (*Id.* ¶¶ 18–19.) On November 1, 2022, Johnson learned that younger employees affected by the reduction in force were allowed to transfer to other facilities, which Johnson was not permitted to do. (*Id.* ¶ 20.) On June February 15, 2023, Johnson filed an EEOC charge of discrimination against Ryder, which Johnson alleges bought Mid West in 2021. (*Id.* ¶¶ 14–15.)

## PROPOSED CONLUSIONS OF LAW

### I.    28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

### II.    Standard of Review for Failure to State a Claim

To determine whether Johnson's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain

statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at

555 (internal citations and quotations omitted).  The Court "construes the complaint in a light

most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine

whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675

F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.  However, "pleadings that . . . are no more than conclusions[] are not

entitled to the assumption of truth.  While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also*

*Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket

assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature

of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards

than a pleading filed by counsel."  *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir.

2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416

F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se*

complaints, "however inartfully pleaded").  Nevertheless, *pro se* litigants "are not exempt from

the requirements of the Federal Rules of Civil Procedure."  *Wright v. Penguin Random House*,

783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372,

376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)

4

("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf

of *pro se* litigants.  Not only would that duty be overly burdensome, but it would also transform

the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are

properly charged with protecting the rights of all who come before it, that responsibility does not

encompass advising litigants as to what legal theories they should pursue."); *Brown v.*

*Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a

plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*,

518 F.2d 1167, 1169 (6th Cir. 1975)).  "A pro se complaint must still 'contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Shelby v.*

*Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn.

Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

## III.    Johnson's ADEA and Title VII Claims Against the Individual Defendants

Based on the allegations of the Complaint, the Individual Defendants are all Johnson's

coworkers or supervisors at Mid West and Ryder.  The ADEA and Title VII do not provide for

individual liability against coworkers or supervisors who do not independently qualify as

employers under those Acts.  "Indeed, '[t]he law in this Circuit is clear that a supervisor who

does not otherwise qualify as an employer cannot be held personally or individually liable under

Title VII.'"  *Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1100 (S.D. Ohio 2021) (quoting

*Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001)).  The same is true under the

ADEA.  *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404–05 (6th Cir. 1997) (holding that individual

liability is prohibited under Title VII and similar statutory schemes, such as the ADEA and the

ADA) (collecting cases).  As a result, Johnson's claims against the Individual Defendants should

be dismissed because individual liability for coworkers and supervisors is not available under the ADEA or Title VII.

IV.    **Johnson's Claims Against Mid West and Ryder**

When construing the Complaint in a light most favorable to Johnson and accepting his allegations as true, this Court finds that he has satisfied the low threshold of alleging facially plausible ADEA and Title VII claims against Mid West and Ryder for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii).  As such, the Court recommends that process be issued and served on Mid West and Ryder pursuant to Local Rule 4.1(b)(2).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Johnson's claims against the Individual Defendants be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief can be granted.

It is further recommended that Johnson's claims be allowed to proceed against Mid West and Ryder Systems; that the Clerk of Court be directed to issue process for Mid West and Ryder and to deliver that process to the U.S. Marshal for service along with a copy of the Complaint (ECF No. 1), this Report and Recommendation (ECF No. 11), and any Order from the District Judge regarding this Report and Recommendation; that service be made on Mid West and Ryder pursuant to Federal Rule of Civil Procedure 4(c)(3); and that all costs of service be advanced by the United States.

Respectfully submitted this 23rd day of February, 2024.

> s/Annie T. Christoff
> ANNIE T. CHRISTOFF
> UNITED STATES MAGISTRATE JUDGE

6

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.