IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FRANCOIS JOHNSON,          )<br>      Plaintiff,          )<br>                              )<br>v.                            )<br>                              )<br>MIDWEST WAREHOUSE           )<br>DISTRIBUTION SYSTEMS,       )<br>RYDER SYSTEMS, MIKE BRAMBLETT, )<br>JANICE BRANDNER, CARLY BALL, )<br>ADAMS JAMES, NINA NGUYEN,   )<br>BRITT JERNIGAN, LADATON HINES, )<br>and MARQUITA WEAVER,        )<br>      Defendants.          ) | No. 2:23-cv-02554-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING INDIVIDUAL DEFENDANTS, AND
DIRECTING ISSUANCE OF SUMMONSES ON CORPORATE DEFENDANTS**

Before the Court is Magistrate Judge Annie Christoff's Report and Recommendation ("R&R"), dated February 23, 2024, recommending that (1) the Court sua sponte dismiss pro se Plaintiff Francois Johnson's claims against eight individually named Defendants and that (2) the Clerk of Court issue summons for Defendants Midwest Warehouse Distribution Systems ("Midwest") and Ryder Systems ("Ryder"). (ECF No. 11.) Because Johnson makes plausible Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII") claims against Midwest and Ryder, while at the same time failing to state a claim upon which relief may be granted against the individually named Defendants, the Court **ADOPTS** the R&R, **DISMISSES WITH PREJUDICE** Johnson's claims against the individually named Defendants, and **DIRECTS** the Clerk of Court to issue summonses for Defendants Midwest and Ryder.

## BACKGROUND

Johnson does not object to the R&R's proposed findings of fact (id. at PageID 126–27), and thus the Court **ADOPTS** the findings of fact in full.  Briefly, Johnson alleges age discrimination by his employers Midwest and Ryder under the ADEA and Title VII.  (ECF No. 1 at PageID 2–3.)  Johnson also named eight of his coworkers and supervisors as Defendants: Mike Bramblett, Janice Brandner, Carly Ball, Adam James, Nina Nguyen, Britt Jernigan, Ladaton Hines, and Marquita Weaver (the "Individual Defendants").  (Id. at PageID 1.)

Johnson began working as a forklift driver for Midwest on November 4, 2019.  (Id. at PageID 2.)  He became a Ryder employee when Ryder acquired Midwest in late 2021.  (Id. at PageID 3.)  Johnson contends that, in July 2021, he learned that he was allegedly being paid less than his younger coworkers.  (Id. at PageID 2.)  Johnson received no response after raising his concern both to facility manager Bramblett and to Human Resources.  (Id.)

In March 2022, Johnson interviewed for a lead position.  (Id.)  He had previously filled the position on an interim basis, and was allegedly told that he was highly qualified.  (Id.)  Nevertheless, Johnson learned in April that he was not selected for the position due to attendance issues.  (Id.)  Although Johnson would later receive both a May 25 verbal warning and a June 8 email from the company listing a number of attendance violations between January 1 and April 21 (id. at PageID 10), Johnson contends that before those dates he had never been disciplined for attendance (id. at PageID 2).  Instead, Johnson argues that he was passed over because of his age and out of retaliation for complaining about his pay.  (Id.)

Johnson filed a discrimination charge with the EEOC on June 21, 2022.  (Id. at PageID 3.)  On October 27, Johnson was terminated from his job amid a reduction in force and was denied a severance package.  (Id. at PageID 3.)  Johnson contends that his younger coworkers

2

were allowed to relocate to another facility, but he was not afforded the same opportunity. (Id. at PageID 3.) Johnson filed an additional discrimination charge with the EEOC on February 15, 2023, (id. at PageID 2), and then filed his complaint here for damages arising out of violations of the ADEA and Title VII on August 31, 2023, (id. at PageID 26).

## STANDARD OF REVIEW

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

The Clerk of Court issues summons in non-prisoner pro se cases where plaintiffs are proceeding in forma pauperis only after a screening is conducted under 28 U.S.C. § 1915(e)(2)(B). See LR 4.1(b)(2). The Court shall dismiss the case at any time if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether Johnson's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain

3

statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal citations and quotations omitted).  The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 (6th Cir. 2012).

"[A] pleading filed pro se is to be liberally construed and held to less stringent standards than a pleading filed by counsel." Kondaur Cap. Corp. v. Smith, 802 F. App'x 938, 945 (6th Cir. 2020) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)); see also Vandiver v. Vasbinder, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to pro se complaints, "however inartfully pleaded").  Nevertheless, pro se litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." Wright v. Penguin Random House, 783 F. App'x 578, 581 (6th Cir. 2019) (citing Fox v. Mich. State Police Dep't, 173 F. App'x 372, 376 (6th Cir. 2006)); see also Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party."); Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'" (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))).

## ANALYSIS

The Magistrate Judge granted Johnson's motion to proceed in forma pauperis.  (ECF Nos. 3, 8.)  As a part of the Magistrate Judge's statutorily-based screening, the R&R

4

recommends that (1) the Court dismiss Johnson's claims against the Individual Defendants and that (2) the Court issue summonses to Defendants Midwest and Ryder.  (ECF No. 11 at PageID 130.)  More than fourteen days have passed since its filing, and Johnson has not objected to the R&R.  Therefore, the Court reviews the R&R only for clear error.  See Fed. R. Civ. P. 72(b) advisory committee notes.

### I.     Johnson's ADEA and Title VII Claims Against the Individual Defendants

The Individual Defendants named in the Complaint were Johnson's coworkers or supervisors at Midwest and Ryder.  However, the ADEA and Title VII provide for liability against employers, not against coworkers or supervisors.  Under Title VII, "a supervisor who does not otherwise qualify as an employer cannot be held personally or individually liable." Mitchell v. Fujitec Am., Inc., 518 F. Supp. 3d 1073, 1100 (S.D. Ohio 2021) (quoting Little v. BP Expl. & Oil Co., 265 F.3d 357, 362 (6th Cir. 2001)).  Under the ADEA, the analysis is the same. Wathen v. Gen. Elec. Co., 115 F.3d 400, 404–05 (6th Cir. 1997) (holding that individual liability is prohibited under Title VII and similar statutory schemes, such as the ADEA) (collecting cases).  Because individual liability for coworkers and supervisors is unavailable under the ADEA and Title VII, Johnson's claims against the Individual Defendants are **DISMISSED**.

### II.    Johnson's Claims Against Midwest and Ryder

Accepting all the facts in Johnson's complaint as true, the Court finds that the facts plausibly make out claims under the ADEA and Title VII against Midwest and Ryder.  The Magistrate Judge granted Johnson's motion to proceed in forma pauperis.  (ECF Nos. 3, 8.) Therefore, the Court **DIRECTS** that summons be issued and process served on Midwest and Ryder pursuant to LR 4.1(b)(2).

## CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's R&R, **DISMISSES** Johnson's claims against the Individual Defendants, and **DIRECTS** the Clerk of Court to issue summonses for Midwest and Ryder and deliver them to the U.S. Marshal for service along with copies of the Complaint (ECF No. 1), the R&R (ECF No. 11), and this Order.  The Court further **DIRECTS** that service of process be made on Midwest and Ryder pursuant to Federal Rule of Civil Procedure 4(c)(3) and that all costs of service be advanced by the United States.

**IT IS SO ORDERED**, this 10th day of April, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE